IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. BYRD, # S-09454, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1018-MJR |
| | ) |
| WARDEN GAETZ | ) |
| C/O FAGERLAND, C/O BROWN, | ) |
| WARDEN REDNOUR, SGT. SCOTT, | ) |
| LT. HUBLER, DR. SHAH. | ) |
| ANGEL RECTOR, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Pickneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Fagerland, Brown and Hubler subjected him to cruel and unusual punishment. Plaintiff states that Defendants Shah and Rector have shown deliberate indifference to Plaintiff's serious medical needs. Plaintiff's claims all arise from the fact that while at Pickneyville he had surgical screws placed in his ankle which medical staff have since refused to remove. Plaintiff states that because he is placed with cellmates with similar limitations he has been denied low bunk permits and accommodations for his ankle. Being denied a request to relocate, Plaintiff moved his belongings to a dayroom and was thereafter disciplined. Defendants Fagerland, Brown and Hubler cuffed Plaintiff and placed him in the showers for three and a half hours, denying him access to food, water and toilet facilities. Plaintiff also names Defendant Gaetz, the Warden of Picneyville, in his complaint, but makes no specific allegations against him.

1

Plaintiff suffers from daily pain and swelling of his ankle. Despite complaints to Defendants Shah and Rector, medical staff at Pickneyville, the screws have not been removed nor has Plaintiff been afforded proper accommodations for his condition. This case is now before the Court for a preliminary review of Plaintiff's operative complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Fagerland, Brown and Hubler for cruel and unusual punishment (Count 1) and against Shah and Rector for deliberate indifference to medical needs (Count 2).

However, the claim against Defendant Gaetz, Warden of Pickneyville, is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. **Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Plaintiff has not alleged that this defendant is "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Defendant Gaetz is DISMISSED as a defendant without prejudice, as plaintiff has failed to state a claim upon which relief can be granted.

**Pending motions**

Plaintiff has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, he has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Pickneyville Correctional Center, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward the initial partial filing fee to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Pickneyville Correctional Center.

The Court **DENIES**, without prejudice, Plaintiff's motion for service of process at government expense (Doc. 4). Plaintiff is **ADVISED** that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service at the government's expense. The Clerk will direct service for any defendants in a complaint that passes preliminary review.

**Disposition**

Defendant Gaetz is DISMISSED as a defendant without prejudice.

The Clerk of Court shall prepare for Defendants Fagerland, Brown, Hubler, Shah and Rector: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2012**

5

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
