IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. BYRD, | ) |
|          Plaintiff, | ) |
| vs. | ) Case No. 12−cv−1018−MJR−SCW |
| BRIAN FAGERLAND, C/O BROWN, KEITH HUBLER, VIPIN SHAH, and ANGEL RECTOR, | ) |
|          Defendants. | ) |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I. Introduction

This case is before the Court on Plaintiff's Injunction Request (Doc. 17) which this Court has construed as a motion for preliminary injunction. The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Plaintiff's Injunction Request (Doc. 17).

#### II. Findings of Fact

On September 19, 2012, Plaintiff filed his Complaint bringing claims of cruel and unusual punishment and deliberate indifference against Defendants. Specifically, Plaintiff alleges that all of his claims stem from a surgery he received on his ankle while at Pickneyville. Plaintiff had surgical screws placed in his ankle but was then denied low bunk permits and placed in a cell with a cellmate who had similar limitations. Thus, Plaintiff was not able to obtain a low bunk and was

denied a request to relocate, so he moved his belongings to the dayroom. Plaintiff was then disciplined for that move by Defendants Fagerland, Brown, and Hubler, who allegedly cuffed him and placed him in the showers for three and a half hours, denying him access to food, water, or the toilet during the time he was held there. Thus, Plaintiff alleged a claim of cruel and unusual punishment against Defendants Fagerland, Brown, and Hubler . As to Dr. Shah and Angel Rector, Plaintiff alleged that they showed deliberate indifference to his medical needs by refusing to remove the surgical screws from his ankle.

On November 20, 2012, Plaintiff filed the instant motion for Injunction Request (Doc. 17). Specifically, Plaintiff seeks an injunction to relocate him to Pontiac Correctional Center's Protective Custody unit as he fears that he will be subject to abuse by the defendants in this case as he has recently been moved back to his housing unit. He also requests that he receive a second opinion as to the proper course of treatment for his ankle.

### III.  Conclusions of Law

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer*, **682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, **593 F.2d 772, 774 (7th Cir. 1978)).** *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

Here, Plaintiff has failed to state how he meets any of the requirements for a preliminary injunction. In fact, Plaintiff only states that he wants to be placed at a different correctional facility during the pendency of this litigation because he "feel[s] like [he's] a target from more abuse of power." He also states that he wants a second opinion regarding his ankle, but he has not shown that he is entitled to either relief. He merely states the relief he seeks and his feelings on the subject, but he does not provide any facts in support of or arguments demonstrating that he

is entitled to the relief that he seeks preliminarily. His motion is sparse with no indication how he meets any of the requirements for the issuance of a preliminary injunction.

Further, his request for a transfer would be an extraordinary relief, which Plaintiff has not shown that he is entitled to. Such a request would also require the Court to become involved in the everyday activities of the prison system, something this undersigned is reluctant to do. *See Scraver v. Litscher*, **434 F.3d 972, 976-77 (7th Cir. 2006).** Plaintiff also has not provided any evidence that he would be in danger if he remains where he is currently located during the pendency of this litigation. Thus, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Injunction Request (Doc. 17) as Plaintiff has not shown that he is entitled to or in need of the relief that he requests.

### IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff Byrd's Injunction Request (Doc. 17) seeking a preliminary injunction be **DENIED**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the purposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004). Accordingly, Objections to this Report and Recommendation must be filed on or before January 22, 2013 .**

    **IT IS SO ORDERED**.
    **Dated**: January 2, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge