IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1018-MJR-SCW |
| | ) |
| C/O FAGERLAND, | ) |
| LT. HUBLER, | ) |
| DR. SHAH, | ) |
| ANGEL RECTOR, and | ) |
| RAYMOND SHANE BROWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Thomas E. Byrd, who is in the custody of the Illinois Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, raising a variety of Eighth Amendment claims against health care providers and corrections officials at Pinckneyville Correctional Center (Doc. 1). Plaintiff's claims all revolve around his desire to have surgical screws removed from his ankle, and being denied low bunk permits and accommodations for his ankle.

Before the Court is Plaintiff Byrd's motion for injunctive relief (Doc. 17). Byrd seeks a transfer to Pontiac Correctional Center because he fears for his life, intimating that the defendants will retaliate against him for filing suit. Plaintiff also requests a second opinion from Dr. Schierer, the surgeon who implanted the screws in his ankle.

Also before the Court is the Report and Recommendation of U.S. Magistrate Judge Stephen C. Williams, recommending that Byrd's motion be denied in all respects (Doc.

29).    Judge Williams essentially concluded that Byrd offered nothing more than a bald assertion of fear, and no showing that he is likely to suffer irreparable harm without immediate injunctive relief.

Both the Report (Doc. 29, p. 4) and a separate notice (Doc. 29-1) advised the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" within 14 days.   To date, no objections have been filed, no extension of the deadline has been sought, and the objection period has expired.   However, within the 14-day period Plaintiff did file a motion seeking a temporary restraining order (Doc. 35). Byrd again seeks a transfer to Pontiac, and a second opinion from Dr. Schierer. Because Byrd's second motion is virtually identical to his first, the second motion (Doc. 35) is **STRICKEN** as duplicative.

Pursuant to 28 U.S.C. § 636(b), because no specific objections have been filed, this Court need not conduct *de novo* review.   *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999).

Having reviewed the motion and the Report and Recommendation, the Court concurs with Judge Williams' findings, analysis and conclusions.   Accordingly, the undersigned District Judge: (1) **ADOPTS** Judge Williams' Report and Recommendation (Doc. 29); and (2) **DENIES** Plaintiff Byrd's motion for injunctive relief (Doc. 17).

IT IS SO ORDERED.

DATE: February 8, 2013

s/ *Michael J. Reagan*
**United States District Judge**
**Southern District of Illinois**