IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS E. BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV- 1018-MJR-SCW |
| | ) | |
| C/O FAGERLAND, RAYMOND SHANE BROWN, LT. HUBLER, DR. VIPIN SHAH, AND ANGEL RECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 82), recommending that this Court grant Defendants' motions for summary judgment based on exhaustion (Docs. 55 & 58). The Report and Recommendation was entered on October 15, 2013. No objections have been filed.

Plaintiff Thomas Byrd, an inmate at Pinckneyville Correctional Center, filed this case on September 19, 2012 asserting mistreatment by jail staff constituting both cruel and unusual punishment and deliberate indifference to his medical needs against the above-mentioned defendants (Doc. 1). Specifically, Plaintiff alleges that Defendants

1

Fagerland, Hubler, and Brown retaliated against him for defiance by locking him in a shower for 3 1/2 hours with no food, water, or toilet access after making him walk upstairs shackled causing him pain and ankle injury (Doc. 1).  Plaintiff also alleges that Defendants Shah and Rector were deliberately indifferent to a serious medical need when they failed to adequately address his ankle pain (Doc. 1).

On March 18, 2013, Defendants Fagerland, Hubler, Shah, and Rector filed motions for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Docs. 55 & 58).  Defendant Brown has also joined in on the motion for summary judgment filed by Defendants Fagerland and Hubler (Docs. 63 & 68).  Magistrate Judge Williams did not hold a *Pavey* hearing on the basis that there were no disputes of fact over exhaustion, and thus a hearing was not needed.  Based on a review of the record, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 82).  The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**.  The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F.**

**Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams. Plaintiff filed suit on September 19, 2012 (Doc. 1). With respect to the claim of staff misconduct, Plaintiff's own uncontested filings demonstrate that the ARB reached a final determination on the related grievance on October 18, 2012, and thus Plaintiff filed suit prior to the related grievance reaching final determination. With respect to the deliberate indifference claim, Plaintiff's own uncontested filings demonstrate that the ARB reached a final determination on the related grievance on October 30, 2012, and thus Plaintiff filed suit prior to the related grievance reaching final determination. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, **418 F.3d 714, 719 (7th Cir. 2005)**. Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, and thus the case must be dismissed.

The Court **ADOPTS** Magistrate Judge William's Report and Recommendation

(Doc. 82) and **GRANTS** Defendants' motions for summary judgment (Docs. 55 & 58). The Court finds that Plaintiff has failed to exhaust his administrative remedies as to both claims against all Defendants and thus the motion for summary judgment as to Defendants Fagerland, Hubler and Brown (Doc. 55, 63 & 68) is **GRANTED,** and the motion for summary judgment as to Defendants Shah and Rector (Doc. 58) is **GRANTED**. The cruel and unusual punishment claim is **DISMISSED without prejudice** as to Defendants Fagerland, Hubler, and Brown. The deliberate indifference to a serious medical need claim is **DISMISSED without prejudice** as to Defendants Shah and Rector. The Clerk of the Court is **DIRECTED** to close the case on the Court's docket.

IT IS SO ORDERED.

DATED: December 17, 2013

                                                    s/ Michael J. Reagan
                                                    MICHAEL J. REAGAN
                                                    United States District Judge